Mr. Justice Colcock
delivered the opinion of the court»
ít has been a matter of great controversy and of some; doubt in what cases a writ of replevin will lie; but this is the first instance within my knowledge of an attempt to replevy a house. The first ground assumes the position that because an illegal distress was made, that therefore a replevin would lie. Suppose the bailiff had found the tenant in the house, but no goods or chattels, and had invaded his personal liberty by levying the distress warrant on him, would the remedy by replevin be appropriate ? And I should suppose it would as well apply, (and perhaps with more propriety indeed) in that than in the present case.— If any injury could result from such a nugatory act, the remedy would he by an action of trespass. It is expressly laid down by Mr. JBlackstonC, in speaking of the things which may be distrained, in the 2d volume of his Commentaries, page 9, that things fixed to the freehold cannot be. distrained ; and in the case of Cresson & others, vs. Stout, (17 Johnson’s Reports, 106,) it is decided that replevin does not lie for things fixed to the freehold, until they he severed. It was said in the argument that it was a common practice to levy on houses built on leased premises in this city for rent in arrear. This may perhaps be the case by the convention of the parties, but nothing of that sort was-proved. The object of the writ of replevin is to restore to the owner the possession of his goods, but here the effect of the replevin was to disseize the defendant of the freehold. On the second ground, it is only necessary to say that the point has been expressly decided by the cases of Bird OíHanlin, (1 Con. Rep. 401,) and Cole & Gist, (2 Nott & McCord’s Rep. 456,) and with great propriety. When the process of the court has been thus illegally used, why should the remedy be delayed? Why suffer a proceeding to be carried on, which- *331 It is obvious cannot be supported ? As well might it be ¿said, that where the service of a capias ad respondendum, had been illegal, it should not be set aside on motion.
Bemieit 8? Hunt, for the motion.
Toomer? contra,
The motion is refused.
Justices Richardson, Johnson, Nott §■ Huger, com corred.
Gantt, Justice, dissented.